BAIL COMMITTEE OF THE SUPERIOR COURT *vs.*
STATE ETHICS COMMISSION.

Suffolk.   September 9, 1987. — December 10, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Conflict of Interest. Bail Commissioner.*

An appeal by the Bail Committee of the Superior Court was dismissed
   without prejudice, as the decision of this court in *Quinn* v. *State Ethics
   Comm'n, ante* 210 (1987), had rendered consideration of the question
   presented unnecessary. [223-224] LIACOS, J., with whom NOLAN &
   LYNCH, JJ., joined, dissenting.

CIVIL ACTION commenced in the Superior Court Department
on June 3, 1986.

The case was reported to the Appeals Court by *Charles M.
Grabau,* J. The Supreme Judicial Court granted a request for
direct appellate review.

*Gordon L. Doerfer,* Special Assistant Attorney General, for
Bail Committee of the Superior Court.

*Bruce T. Eisenhut* for State Ethics Commission.

WILKINS, J. The Bail Committee of the Superior Court ap-
pealed the decision of the State Ethics Commission (commis-
sion) concerning the lawfulness under G. L. c. 268A, § 7, of
Robert J. Quinn's dual activities as a bail commissioner ap-
pointed by the Superior Court and as an employee of the Mas-
sachusetts Water Resources Authority. We granted the parties'
applications for direct appellate review. We have today decided
Quinn's appeal adversely to him. See *Quinn* v. *State Ethics
Comm'n, ante* 210 (1987). In the *Quinn* case we answered the
substantive issue presented in this case and raised in a judge's
report of the case to the Appeals Court.

The Bail Committee has indicated that the *Quinn* case makes
unnecessary any decision by us on whether the Bail Committee

has standing to appeal the commission's decision. We see no practical need to answer that question. It is true that, technically, that question should be answered in order to determine whether the Bail Committee's appeal of the Commission's decision should be dismissed or the commission's decision should be affirmed on the authority of the *Quinn* case. We believe that a practical solution is to enter an order in the Superior Court that, in light of this court's opinion in *Quinn v. State Ethics Comm'n, supra,* the Bail Committee's appeal is dismissed without prejudice.

*So ordered.*


LIACOS, J. (dissenting, with whom Nolan and Lynch, JJ., join). I dissent for the reasons stated in my separate opinion in *Quinn v. State Ethics Comm'n, ante* at 218 (1987).